UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:12 CR 181 CDP |
| | ) | |
| TIMOTHY O'LAUGHLIN, | ) | |
| | ) | |
| Defendant. | ) | |

# **MEMORANDUM AND ORDER**

Defendant Timothy O'Laughlin was indicted in this case in 2012, charged with two counts of interstate stalking in violation of 18 U.S.C. § 2261A(2)(A) and one count of transmitting a threatening communication in interstate commerce in violation of 18 U.S.C. 875(c). Each of the three counts carries a maximum term of five years imprisonment, for a maximum term of imprisonment of 15 years if the sentences were ordered to run consecutively.

Defendant has been in custody since his arrest on May 11, 2012. He has been found incompetent to proceed to trial in this case and has been found to be a danger to others should he be released. He is presently hospitalized at the Federal Medical Center in Rochester, Minnesota after the United States District Court for

the Western District of Missouri ordered him committed under 18 U.S.C. § 4246. Case No. 15-CV-3419-MDH (W.D. Mo. Sept. 19, 2016).

The history of defendant's confinement has been detailed in earlier Orders of this Court, including Orders dated October 20, 2022 (ECF 282) and December 16, 2018 (ECF 188). His most recent motion for dismissal of this case was filed on August 21, 2023 (ECF 283) and remains pending. In the past the United States has opposed dismissal of this action because O'Laughlin was determined to be a danger to his victims should he be released.

As the time O'Laughlin has been held in custody is approaching the statutory maximum term of imprisonment he would have faced if convicted in this case, it is again appropriate for the government to review its options and show cause why this matter should not be dismissed without prejudice or be returned to the trial docket. Dismissal of this case, of course, would not necessarily mean that O'Laughlin would be released from custody. He has been civilly committed under 18 U.S.C. § 4246 and is currently housed at a Bureau of Prisons medical facility. Section 4246(e) provides that if the director of that facility determines that defendant has recovered from his mental disease or defect to such an extent that his release would no longer create a substantial risk of danger, then the director must notify the Court that ordered the commitment, in this case, the United States District Court for the

Western District of Missouri. It would then be up to that Court to determine whether continued detention, release, or conditional release is appropriate.

Accordingly,

**IT IS HEREBY ORDERED** that the United States shall show cause, in writing, no later than **November 20, 2026** why this case should not be dismissed without prejudice.

**IT IS FURTHER ORDERED** that defendant's appointed counsel shall file any response to the show cause response no later than **December 15, 2026.**

CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 27th day of October, 2026.